UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DMYTRO MALAKHOV,

                    Petitioner,

        v.

BRUCE SCOTT, et al.,[1]

                    Respondents.

CASE NO. 2:26-cv-00646-JHC

ORDER

# I

## INTRODUCTION

This matter comes before the Court on Petitioner Dmytro Malakhov's corrected petition for writ of habeas corpus.  Dkt. # 11.  The Court has considered the materials filed in support of and in opposition to the petition, the rest of the file, and the applicable law.  Being fully advised, the Court DENIES the Petition.

---

[1] Petitioner's habeas petition identifies as Respondents the "Warden of the detention facility where Petitioner is held," the Secretary of the Department of Homeland Security (which position was vacant when the petition was filed, and is now filled by Markwayne Mullin), and the ICE Field Office Director "responsible for Petitioner's detention."  Dkt. # 11 at 1.  For ease of reference, the Respondents are listed in the caption as "Bruce Scott, et al.," as appearing in Respondents' own filing, though Respondents note that "Bruce Scott it not a Federal Respondent f[i]nd is not represented by the U.S. Attorney's Office," Respondents' counsel.  Dkt. # 12 at 1.

ORDER - 1

## II

### BACKGROUND

These facts are undisputed.  Petitioner, a Ukrainian national, entered the United States on June 5, 2023 on parole through the Parole Under Uniting for Ukraine (UHP).  *See* Dkt. # 15-2 at 2.[2]  This parole ran until June 2, 2025.  *Id.*

On October 8, 2024, Petitioner was convicted under 18 U.S.C. § 1956(h) for conspiracy to launder monetary instruments, sentenced to 18 months in prison, and ordered to pay $1,417,742 in restitution.  *See* Dkt. # 13 at 2, ¶ 8 (declaration of Gennadiy Baz); *see* Dkt. # 77, *United States v. Dmytro Malakhov*, Case No. 2:23-cr-00326-SB (C.D. Cal. Oct. 8, 2024) (filed under seal); *see also Malakhov v. Cooper*, 2025 WL 4070025, at *1 (W.D. Wash. Dec. 15, 2025), *report and recommendation adopted*, 2026 WL 165397 (W.D. Wash. Jan. 20, 2026) (recounting Petitioner's criminal history in prior habeas petition).  He then filed his first habeas petition, arguing that he was entitled to additional First Step Act (FSA) credits, which would result in his immediate release if applied.  *Id.* at *1–2.  A court in this District denied that petition on the ground that Petitioner had failed to exhaust his administrative remedies and that he had

---

[2] Before its rescission, the UHP program, also known as the U4U program, established "a process by which eligible Ukrainian citizens could apply for advance authorization to travel to the United States for the purpose of seeking a discretionary grant of parole."  *See* Implementation of the Uniting for Ukraine Parole Process, 87 Fed. Reg. 25040 (Apr. 27, 2022).  Under the program, parole decisions were made pursuant to 8 U.S.C. § 1182(d)(5)(A).  *Id.*  Section 1192(d)(5)(A) permits the government to admit, under temporary parole, any noncitizen "for urgent humanitarian reasons or significant public benefit" who is "applying for admission to the United States, but such parole of [the noncitizen] shall not be regarded as an admission of the [noncitizen] and when the purposes of such parole shall, in the opinion of [the government], have been served the [noncitizen] shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States."  The UHP program was cancelled by Executive Order No. 14165, which eliminated all categorical parole programs and stopped USCIS from accepting new parole applications.  *See* Exec. Order No. 14165, 90 Fed. Reg. 8467 (Jan. 30, 2025), § 7 ¶ (b); *see also* § 2:221.50. Uniting for Ukraine parole program (suspended), 1 Immigration Law Service 2d § 2:221.50 (describing the UHP program as "rescinded").

ORDER - 2

not provided sufficient evidence to show he had earned the FSA credits. *See Malakhov v. Cooper*, 2026 WL 165397, at *2 (W.D. Wash. Jan. 20, 2026).

Upon Petitioner's release from the Federal Detention Center in SeaTac on December 29, 2025, Enforcement and Removal Operations officers took him into custody and transferred him to the Northwest ICE Processing Center (NWIPC) for immigration proceedings. *See* Dkt. # 13 at 2, ¶ 9–10. Petitioner was charged with removability under Section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act (INA).[3] This section provides that "any immigrant at the time of application for admission" "who is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing identification card, or other valid entry document required by this chapter, and a valid unexpired passport, or other suitable travel document" "is inadmissible." *Id.*

On February 20, 2026, Petitioner filed the present habeas petition and an emergency motion for a temporary restraining order (TRO). *See* Dkt. # 1. On March 16, Petitioner filed an identical standalone motion for a TRO, *see* Dkt. # 4, and a corrected habeas petition, Dkt. # 11. Petitioner lists a range of medical problems in the corrected petition, as he did in the original.[4] Petitioner says that while in detention, his health has "deteriorated, including: Sand detected in urine[,] Pulmonary abnormality requiring further evaluation[,] Persistent rash on both feed[, and]

---

[3] Habeas petitions and their associated briefing commonly refer to the sections of the INA as they appear in the enrolled bill and not by citation to the United States Code. Section 212(a)(7)(A)(i)(I) is codified at 8 U.S.C. § 1182(a)(7)(A)(i)(I).

[4] Petitioner says that he "serious chronic and congenital medical conditions," including congenital malformation of the urinary tract, aplasia of the right kidney, chronic pyelonephritis of the single left kidney, chronic pancreatitis treated with surgery in 1998, varicose vein disease treated with a surgery in 2021, sliding hiatal hernia and gastritis, and congenitally small lumbar spinal canal. Dkt. # 11 at 2. In support of these assertions, Petitioner attached to his original habeas petition (but not the corrected one) a range of medical documents from Ukraine, translated into English. *See* Dkt. # 1-1 at 14–48. Aside from these records, Petitioner presents some medical records from U.S. hospitals. *See id.* at 49–52. Though Petitioner did not attach these records to the corrected petition, the Court considers them incorporated from the original filing.

ORDER - 3

Subconjunctival hemorrhage (blood vessel rupture in the eye)." Dkt. # 11 at 2. Petitioner has integrated medical reports from his detention into his traverse. *See* Dkt. # 16 at 24–40.

On March 19, Respondents, in opposing Petitioner's TRO, submitted a declaration from Eddie Wang, M.D., the NWIPC Clinic Director, who stated that the NWIPC is a "level 4 facility, meaning that it can provide a higher level of medical care." Dkt. # 9 ¶ 1, 4–5. Dr. Wang said that he is "familiar with" Petitioner's case and that he and the medical staff at NWIPC have been monitoring Petitioner's health and treating his conditions, including with medication, as they arise. *See id.* ¶¶ 6, 8–22 (detailing health conditions and treatments). He also said that Petitioner has been referred for a nephrology appointment. *Id.* ¶ 17.

On March 24, 2026, this Court denied Petitioner's TRO because, though he had shown a likelihood of irreparable harm, he had not shown a likelihood of success on the merits on the two bases for his habeas claim, and other factors favored the government. *See Malakhov v. Scott*, 2026 WL 809881, at *3–4 (W.D. Wash. Mar. 24, 2026).

On March 26, 2026, an immigration judge denied Petitioner's applications for relief and ordered him removed to Ukraine. *See* Dkt. # 13 at 3, ¶ 13; *see also* Dkt. # 15-3 (immigration judge's decision).

On March 31, along with their return, Respondents submitted a second declaration from Dr. Wang, who states that Petitioner's follow-up lab results "were reviewed by Franciscan Nephrology, and the Nephrologist has determined that Petitioner does not meet criteria for nephrology involvement." Dkt. # 14 ¶ 3.

### III

#### DISCUSSION

Federal district courts have the authority to grant a writ of habeas corpus if a person "is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. §

ORDER - 4

2241 (a), (c).  "The petitioner carries the burden of proving by a preponderance of the evidence that [they are] entitled to habeas relief."  *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004).

Petitioner invokes the Due Process Clause of the Fifth Amendment to the United States Constitution, which prohibits the federal government from depriving any person "of life liberty, or property, without due process of law[.]"  The right to due process "applies to all 'persons' within the United States, including [non-citizens], whether their presence here is lawful, unlawful, temporary, or permanent."  *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001) (collecting cases).

Petitioner's corrected habeas petition raises two grounds for relief.  The first is that his detention is discretionary under 8 U.S.C. § 1226(a) and that he should be released.  *See* Dkt. # 11 at 2–3.  The second is that his poor health and apparently worsening condition while in detention amount to a constitutional violation under the Fifth Amendment.  *Id.*  To the first ground, Respondents argue that because of his aggravated felony conviction, Petitioner's detention is mandatory under 8 U.S.C. § 1226(c).  *See* Dkt. # 12 at 4–5.  To the second, Respondents argue that Petitioner's detention does not violate his due process rights.  *See* Dkt. # 12 at 5–8. Respondents also say that Petitioner's medical claims are not properly brought in a habeas petition.  *Id.* at 8–9.

A.    Statutory Basis for Release

Petitioner claims he is detained under Section 1226(a), which permits release on bond. *See* 8 U.S.C. § 126(a)(2)(A).  Respondents counter that his conviction for an aggravated felony means he is subject to mandatory detention under Section 1226(c).  *See* 8 U.S.C. § 1226(c).

Petitioner was convicted under 18 U.S.C. § 1956 for conspiracy to launder monetary instruments.  Under 8 U.S.C. § 1101(a)(43)(D), "the term 'aggravated felony' means[]," among others, "an offense described in section 1956 of Title 18 (relating to the laundering of monetary

ORDER - 5

instruments)." Under 8 U.S.C. § 1227(a)(2)(A)(iii), "[a]ny [noncitizen] who is convicted of an aggravated felony at any time after admission is deportable." And under 8 U.S.C. § 1226(c)(1)(B), the government "shall take into custody any [noncitizen] who . . . is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(iii) of this title." Thus, Section 1226(c) does not provide for discretion to release Petitioner. *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003) ("Section 1226(c) mandates 518 detention during removal proceedings for a limited class of deportable aliens—including those convicted of an aggravated felony."); *cf. Gomez v. ICE Field Off. Dir.*, 2026 WL 449536, at *2 (W.D. Wash. Jan. 27, 2026) (recommending denial of habeas petition in part because Petitioner was convicted of an aggravated felony and thus was subject to mandatory detention under Section 1226(c)), *report and recommendation adopted sub nom. Osuna Gomez v. ICE Field Off. Dir. & Facility Adm'r*, 2026 WL 447409 (W.D. Wash. Feb. 17, 2026). Further, "noncitizens subject to mandatory detention under [Section 1226(c)] are not statutorily eligible for release on bond during the judicial phase of the proceedings," i.e., after a final order of removal by an immigration judge, absent circumstances not applicable here. *Avilez v. Garland*, 69 F.4th 525, 535–36 (9th Cir. 2023).

Petitioner offers no rebuttal to these points in his traverse. Thus, on his first ground, Petitioner has not shown by a preponderance of the evidence that he is entitled to habeas relief.

B.      Due Process Basis for Release

Petitioner also asserts that the Fifth Amendment does not permit his "[p]rolonged detention without adequate medical care." Dkt. # 11 at 2–3. Petitioner offers little else in support of this argument. He says that any delay in treatment may result in irreversible damage to his health, but points to no authority holding that such circumstances present a due process violation in themselves or otherwise justify his release on habeas grounds.

ORDER - 6

The Court considered and rejected this argument in denying Petitioner's earlier TRO. *See Malakhov*, 2026 WL 809881, at *3 ("Petitioner's claim is thus better read as attacking the conditions of his confinement (that those conditions harm his health) and not its fact or its duration.  But these types of claims, if they are intended as the sole means of release, cannot be brought via a habeas petition.")  And Petitioner's traverse provides no new arguments to disturb the Court's conclusion.[5]  Thus, Petitioner has not shown by a preponderance of the evidence that he is entitled to habeas relief.

## IV

### CONCLUSION

For the reasons above, the Court DENIES the petition for writ of habeas corpus.  Dkt. # 11.

Dated this 10th day of April, 2026.

John H. Chun
United States District Judge

---

[5] In fact, Petitioner's traverse appears to focus on relitigating the denial of the TRO. *See, e.g.*, Dkt. # 16 at 3 ("The prior decision improperly evaluated each factor in isolation rather than considering their cumulative impact.").

ORDER - 7